IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATASHA ARENS,  ) Case No. 14-cv-1323-SC
    )
    Plaintiff,  ) ORDER ON MOTION TO REMAND
    )
    v.  )
    )
POPCORN, INDIANA, LLC, and DOES )
1-100,   )
    Defendants.  )

I. **INTRODUCTION**

    Plaintiff Natasha Arens brought this putative class action in California Superior Court against Defendant Popcorn, Indiana, LLC ("Popcorn Indiana"). The complaint includes numerous allegations regarding Popcorn Indiana's labeling of its products. Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441.

    Now before the Court is Plaintiff's motion to remand the matter to state court. The motion is fully briefed[1] and is

---

[1] ECF Nos. 17 ("Mot."), 18 ("Opp'n"), 19 ("Reply"), 21-1 ("Sur-Reply"). Popcorn Indiana has also moved for leave to file a short

1  suitable for determination without oral argument per Civil Local
2  Rule 7-1(b).  For the reasons set forth below, Plaintiff's motion
3  is DENIED.

## II. BACKGROUND

Popcorn Indiana produces snack foods, including its "FIT" popcorn products.  Mot. at 2.  Plaintiff alleges that Popcorn Indiana has labeled and advertised its products as healthy food that can help consumers lose weight when, in fact, Popcorn Indiana's products are high in fat and calories.  Id.  Plaintiff Natasha Arens purports to represent "all California residents who, within the last four years, purchased a FIT Popcorn an unlawfully labeled product [sic]."[2]  ECF No. 1-1 ("Compl.") ¶ 67-68.

## III. LEGAL STANDARD

Defendants to a civil action brought in state court may remove the matter to federal district court, so long as the district court has original jurisdiction.  28 U.S.C. § 1441.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.A. § 1447(c).  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be

---

sur-reply to address issues raised for the first time in Plaintiff's reply.  ECF No. 21.  The motion is unopposed, and the Court finds that the reply clarifies outstanding ambiguities and presents new evidence that warrants a response from Defendant.  The Court GRANTS the motion and will consider the sur-reply.
[2] Plaintiff's attorneys have clarified that they intended to strike the phrase "an unlawfully labeled" from this sentence, and that the class includes only purchasers of FIT products.  ECF No. 19-2 ("Gertler Decl.") ¶ 2.

1  rejected if there is any doubt as to the right of removal in the
2  first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
3  1992).  When CAFA is the basis for federal jurisdiction, "the party
4  seeking federal jurisdiction on removal bears the burden of
5  establishing that jurisdiction." Abrego Abrego v. The Dow Chem.
6  Co., 443 F.3d 676, 686 (9th Cir. 2006).

7      Popcorn Indiana's claimed basis for federal jurisdiction in
8  this case is the Class Action Fairness Act of 2005 ("CAFA").  ECF
9  No. 1 ("Removal Notice") at 3; see 28 U.S.C. § 1332(d).  CAFA
10 provides for federal jurisdiction in cases filed as class actions
11 in which (1) the number of members in the proposed plaintiff class
12 is at least one hundred; (2) any member of the plaintiff class is a
13 citizen of a state different from any defendant; and (3) the total
14 amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d).  In
15 the Ninth Circuit, determining the amount in controversy is a two-
16 step process.  First, the court determines whether the amount in
17 controversy is facially apparent from the complaint.  If it is not,
18 the court may consider the facts in the removal petition and
19 evidence submitted by the parties.  Singer v. State Farm Mut. Auto.
20 Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  Where the complaint
21 does not allege a specific amount in controversy, the party seeking
22 removal must demonstrate that the $5 million threshold is met by a
23 preponderance of the evidence.  Lewis v. Verizon Commc'ns, Inc.,
24 627 F.3d 395, 400 (9th Cir. 2010).
25 ///
26 ///
27 ///
28 ///

## IV. DISCUSSION

The sole jurisdictional issue is whether the amount in controversy in this case exceeds $5 million. Plaintiff's complaint alleges that Popcorn Indiana is incorporated in Delaware with its principal place of business in New Jersey. Compl. ¶ 7. Popcorn Indiana is therefore a citizen of Delaware and New Jersey. Ms. Arens is a citizen of California. Id. ¶ 6. Consequently at least one plaintiff and one defendant are from different states, and the simple diversity required by CAFA is satisfied. The Complaint also alleges that members of the proposed class number in the thousands. Id. ¶ 70. Plaintiff does not contest that the diversity and numerosity requirements are met, but asserts that the amount in controversy is less than $5 million. Mot. at 1. There is no estimate of the amount in controversy in the complaint, as the amount in controversy depends on the number of plaintiffs, the number of products sold, and the prices at which they were purchased. Thus the amount in controversy is not facially apparent from the complaint, and, pursuant to Singer, the Court will consider the facts submitted with the removal petition and the evidence submitted by the parties.

The parties disagree on the scope of the complaint and the remedies sought. Specifically, the parties differ as to whether Plaintiff seeks restitution only for sales of Defendant's FIT brand products or for other products as well. Compare Opp'n at 2-3 with Reply at 5-6. This disagreement complicates the process of determining the amount in controversy. But as a starting point, Popcorn Indiana estimates that the cost of correcting the labeling of its FIT products will be approximately $600,000. Popcorn

4

1 Indiana also anticipates that the cost of refunding the purchase
2 price of FIT products sold to putative class members during the
3 last four years will be $2.8 million.  ECF No. 2 ("Schenfeld Decl.
4 I") ¶¶ 3-4.  Plaintiff never contests these estimates, and, in
5 fact, uses them to support her own arguments.  Mot. at 1.  Thus the
6 parties appear to agree that the amount in controversy is no less
7 than $3.4 million.

8     Plaintiff asserts that she seeks restitution only for the sale
9 of FIT products.  There is support for this in the complaint, which
10 states that Plaintiff "seeks compensatory damages and restitution,
11 with interest, for the amounts paid by consumers for FIT Popcorn
12 products."  Compl. ¶ 5.  The plaintiff is the "master of the
13 complaint," Holmes Grp., Inc. v. Vornado Air Circulation Sys.,
14 Inc., 535 U.S. 826, 831 (2002), and "the amount in controversy is
15 determined from the face of the pleadings."  Crum v. Circus Circus
16 Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000).  Despite the
17 inconsistencies and imprecise writing, the complaint does seem to
18 indicate that Plaintiff seeks restitution only for purchases of the
19 FIT product line.  However, that does not end the enquiry, as
20 Plaintiff also seeks injunctive relief.

21     Determining the amount in controversy in a CAFA case requires
22 application of the either-viewpoint rule.  See Otay Hydraulics,
23 Inc. v. Safety-Kleen Sys., Inc., 2:12-CV-07357-ODW, 2013 WL 1898573
24 at *2 (C.D. Cal. May 6, 2013); Rippee v. Boston Mkt. Corp., 408 F.
25 Supp. 2d 982, 984 (S.D. Cal. 2005).  "Under the 'either viewpoint'
26 rule, the test for determining the amount in controversy is the
27 pecuniary result to either party which the judgment would directly
28 produce."  In re Ford Motor Co./Citibank (S. Dakota), N.A., 264

F.3d 952, 958 (9th Cir. 2001).  In cases where injunctive relief is sought, if "the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." Id.

While Plaintiff has made clear that she seeks monetary damages only with respect to the FIT line of products, the complaint specifies that the proposed injunction covers additional products: "Plaintiff also seeks an order enjoining Defendants from further unlawful or deceptive conduct, <u>as to FIT and other snack food products</u> . . . ."  Compl. ¶ 5 (emphasis added).  Popcorn Indiana estimates that "[r]evising non-FIT Products' labeling, pulling Non-FIT Products from California shelves, and destroying old packaging and corrugate as demanded in Plaintiff's Complaint" will cost $3.8 million.  Thus the total cost to Popcorn Indiana of paying restitution for sales of FIT Popcorn products and complying with the injunction Plaintiff seeks would be $7.2 million.  Based on the estimates of damages and compliance with the injunction, the Court finds that Popcorn Indiana has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5 million.  It is therefore unnecessary to evaluate the parties' arguments regarding inclusion of attorney's fees and punitive damages in the amount in controversy.

///
///
///
///
///

**V. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion and retains jurisdiction over this case.

IT IS SO ORDERED.

Dated: June 16, 2014 

UNITED STATES DISTRICT JUDGE